UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 19-cv-03881-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 1, 2, 3, 4, 6 |

Toriano Germaine Hudson, a prisoner at San Quentin State Prison, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

Following a jury trial in 2015 in the Contra Costa County Superior Court, Hudson was convicted of driving under the influence causing injury, driving with a blood alcohol level of 0.08% causing injury, leaving the scene of an accident that had resulted in injury, and hit and run driving. He also was found to have personally inflicted great bodily injury and to have suffered two prior serious felony convictions. *See Hudson v. Sexton*, No. 17-cv-4373 EMC, Docket No. 29 (order denying petition for writ of habeas corpus). He was sentenced to 35 years to life in prison, a term he currently is serving. *Id.*

In his complaint in this action, Hudson alleged that Judge Terri Mockler and Judge Patricia Scanlon, "while employed in Contra Costa County representing the People of the State of California," denied Hudson his Sixth Amendment right to effective assistance of trial during the time period of May – June 2015. Docket No. 1 at 3. For relief, he requested money damages "and

the reversal of [his] sentence." Id. Hudson later filed a request to amend his complaint to delete "any request for immediate or speedier relief or to vitiate the legality of the state confinement as not to violate the *Heck* bar." Docket No. 3 at 1.

**DISCUSSION**

A. <u>Review of Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

This action must be dismissed because there is no viable claim against any of the defendants. The individual judges have absolute judicial immunity against the claims for damages for the acts alleged in the complaint. The allegations that the judges denied Hudson effective assistance of counsel concern decisions they made in presiding over Hudson's criminal case and those were acts performed in their judicial capacity. *See Pierson v. Ray,* 386 U.S. 547, 553-55 (1967). The government entity defendants – the "People of the State of California" and "Contra Costa County" – are named as defendants only because they allegedly employed Judge Mockler and Judge Scanlon. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim is not stated against Contra Costa County or the

State of California merely because that entity employed the alleged wrongdoers, and that is all that is alleged in the complaint. Moreover, the State of California has Eleventh Amendment immunity in this case because the Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).

Separate from the above problems, the *Heck* rule requires the dismissal of this action. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed.

The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Even though Hudson's amendment to his complaint disavows any interest in overturning his conviction, the *Heck* rule still applies because a ruling in his favor would be inconsistent with the validity of his conviction. Hudson's claim is that the defendant-judges caused him to be deprived of his Sixth Amendment right to effective assistance of counsel in his state court criminal case. He was convicted of several crimes in that case, and that conviction has not been set aside. The

existence of the currently valid conviction requires the dismissal of his claim because success on his claim that he received constitutionally ineffective assistance of counsel would imply that his conviction was invalid, even if he does not directly seek to have it overturned. Normally, a dismissal pursuant to the *Heck* rule is without prejudice to the plaintiff filing a new action asserting his claim if his conviction is ever set aside, such as by being reversed on appeal, but Hudson cannot file a new action against the judges because they have absolute judicial immunity.

If a prisoner wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Hudson already has done so.

B. <u>Miscellaneous Motions</u>

Hudson has filed a motion to amend his complaint to delete "any request for immediate or speedier relief or to vitiate the legality of the state confinement as not to violate the *Heck* bar." Docket No. 3 at 1. The motion to amend is GRANTED. Docket No. 3. The Court has reviewed the complaint as amended by the document at Docket No. 3.

. Hudson has requested that counsel be appointed to represent him in this action. Docket Nos. 4, 6. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not present because the complaint must be dismissed for the reasons discussed above. There is no chance of success on the merits of this action. The request for appointment of counsel therefore is DENIED. Docket Nos. 4, 6.

Hudson has requested a copy of the "Handbook for Litigants Without a Lawyer." Docket No. 7. He should make inquiries at his prison's law library, which should have a copy of the booklet.

4

**CONCLUSION**

For the foregoing reasons, this action is dismissed with prejudice. Leave to file an amended complaint has not been granted because the problems identified in this order are not of the sort that could be cured with further amendment. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: November 8, 2019

_____
SUSAN ILLSTON
United States District Judge